■ PETER J. CORINES, Appellant, v SENTRY LIFE INSURANCE Co. et al., Respondents. [821 NYS2d 885]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered May 31, 2005, which granted defendants' motions for summary judgment dismissing the complaint, and order, same court and Justice, entered July 27, 2005, which denied plaintiff's motion for summary judgment as moot in light of the prior order, unanimously affirmed, with costs.

Plaintiff, formerly a physician licensed to practice medicine in this state, seeks a judgment declaring his entitlement to disability insurance income benefits under policies issued by defendants. In his applications for benefits, plaintiff stated that he had become totally disabled on June 19, 1998, and as a result had not worked since June 26 of that year. However, during the June 2000 trial of criminal charges against him for aiding and abetting another person in the unlicensed practice of medicine, plaintiff testified that he had performed surgical procedures on July 28, December 4 and December 29, 1998. In connection with federal charges of mail fraud against him for submitting false claims for total disability, a stipulation between plaintiff

and the government was read into the record in open court on December 1, 2003, in which plaintiff admitted he had performed medical and/or surgical procedures on numerous dates between June 1998 and January 1999.

Dismissal of the complaint herein was warranted by this evidence that plaintiff had continued his medical/surgical practice after claiming he was totally disabled (*see Taterka v Nationwide Mut. Ins. Co.*, 91 AD2d 568 [1982], *affd* 59 NY2d 743 [1983]). Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.